OPINION
Michael Barney is appealing from the default judgment rendered by the Common Pleas Court of Miami County, Ohio, Juvenile Division.
On February 8, 1999, the Miami County Child Support Enforcement Agency, on behalf of Mandi and Justin Livingston, filed a paternity complaint/motion and summons against Barney. The summons noted that a pretrial hearing was scheduled for April 6, 1999. Service was perfected via certified mail on Barney on March 18, 1999; and Livingston was served by way of certified mail on March 19, 1999. Barney was not present at the April 6, 1999 pretrial hearing. At the hearing, the magistrate conducted a full hearing on the issue of paternity and child support.
The magistrate issued her findings of fact and conclusions of law on April 28, 1999. The trial judge adopted the magistrate's decision on that same day. The trial court found that a parent-child relationship existed between Barney and Justin Livingston, and ordered Barney to pay $474.48 per month in child support. Barney was found to be in default for failure to appear or answer in this matter after being properly served. Barney filed his notice of appeal with this Court on May 26, 1999. Barney asserts two assignments of error.
 I. The trial court committed reversible and prejudicial error when it held a trial in the absence of the appellant before his twenty-eight days to answer the complaint/motion to determine parentage had expired.
Barney argues that his due process rights were violated by the trial court when it conducted a hearing in his absence prior to the expiration of time permitted by the Civil Rules for the filing of an answer to the complaint. Preliminarily, we note that the trial court erred in entering a default judgment against Barney, because Livingston did not follow the proper procedures under Civ.R. 55(A).
Civ.R. 55 governs default judgments. When a party against whom relief is sought has failed to plead or appear, the court may enter a default judgment upon motion of the party entitled to the judgment. (Emphasis added.) Civ.R. 55(A). Similarly, R.C.3111.08(B) expressly provides that "[i]f the person against whom [a paternity] action is brought fails to plead or otherwise defend against the action, the opposing party may make an oral or written motion for default judgment pursuant to the Rules of Civil Procedure." In this instance, the trial court erred in entering a default judgment against Barney without having before it a motion, either written or oral.
Additionally, the trial court entered this judgment following the pretrial hearing. R.C. 3111.11, governing pretrial procedures in paternity actions, states in pertinent part:
 If the person against whom an action is brought pursuant to sections 3111.01 to 3111.19 of the Revised Code does not admit in his answer the existence or nonexistence of the father and child relationship, the court shall hold a pretrial hearing, in accordance with the Civil Rules, at a time set by the court. At the pretrial hearing, the court shall notify each party to the action that the party may file a motion requesting the court to order the child's mother, the alleged father, and any other person who is a defendant in the action to submit to genetic tests and, if applicable, to the appropriate tests referred to in section 3111.10 of the Revised Code. When the court determines that all pretrial matters have been completed, the action shall be set for trial.
Barney failed to provide the trial court with an answer to the complaint, thus the April 6, 1999 hearing was to be a pretrial and not a trial on the merits. At the conclusion of the April 6, 1999 pretrial hearing, because all pretrial matters had not been completed, the action should have been set for trial. Thus, the trial court erred by entering judgment on the issue of paternity following the pretrial hearing.
Given that the default judgment was improperly granted by the trial court, we need not reach the issue of whether Barney's due process rights were violated when the trial court conducted the hearing prior to the expiration of time permitted for filing his answer to the complaint.
Barney's first assignment of error is sustained.
 II. The trial court committed reversible and prejudicial error when it imputed income to the Appellant at the rate of $15.00 per hour without receiving any credible or probative evidence as to his hourly rate or the amount of hours he works.
Given our determination of Barney's first assignment of error, we find that this assignment of error is moot. However, were we to address this issue, we would find that the trial court's computation of Barney's income was not supported by evidence in the record.
In this instance, the trial court assessed Barney's income following vague testimony from Livingston, who stated on the record that she had no contact with Barney for the prior four and a half years. The record is void of any evidence upon which the trial court could have based Barney's income. As such, upon remand, the trial court will have to address the issue of income for child support purposes and make proper findings of fact.
The matter is reversed and remanded to the trial court for further proceedings in accordance with this opinion.
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
Kay F. Johnson.
Robert D. Goelz.
Hon. Lynnita K. C. Wagner.